IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-079

| WESTFIELD INSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | **ORDER** |
| KATHERINE M. CIPRIANO, | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court upon Defendant Katherine M. Cipriano's Motion to Dismiss Action, or In the Alternative, Motion to Stay Action Until Resolution of Pending State Court Proceedings. (Doc. No. 5). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Westfield Insurance Company ("Westfield") filed a Complaint seeking a declaratory judgment against Defendant Katherine M. Cipriano ("Cipriano"). (Doc. No. 1). Specifically, Westfield seeks a determination of its rights and responsibilities under an insurance policy issued to Cipriano's employer. (*Id.*)

Cipriano was involved in a car accident and filed suit in state court against the other driver on April 29, 2015, alleging serious and permanent injuries, lost wages, lost earning capacity, and significant medical expenses. (Doc. No. 1-1 at ¶ 11). Cipriano also made a claim for Underinsured Motorist ("UIM") benefits from Westfield, an insurance carrier at the time for Cipriano's employer, Professional Recovery Associates, Inc., and 401(k) plan, Professional Recovery Consultants, Inc. 401(k) Plan. (Doc. No. 1 at ¶ 10-11, Doc. No. 6 at 2). Westfield

appeared as an unnamed defendant in the state suit and filed an answer to Cipriano's Complaint in state court on September 24, 2015. (Doc. No. 6-1).

Westfield filed a Motion for Summary Judgment in the state suit on September 25, 2015. (Doc. No. 6-3). On January 21, 2016, the state court judge issued an Order denying the motion, although he did not explain his reasoning. (Doc. No. 6-4). Westfield then filed the instant action on February 17, 2016, seeking a determination of whether Cipriano is entitled to UIM benefits under Westfield's policy. (Doc. No. 1 at ¶¶ 28-31). Cipriano filed a Motion to Stay and Demand for Arbitration in the state court action on February 25, 2016. (Doc. No. 7-2 at 2). The state court judge granted the motion in part and denied in part, again without insight into his rationale, writing "[t]his action is hereby stayed pending the full and final resolution, including any appeals therefrom, of the currently filed action pending in the Western District of North Carolina." (Doc. No. 6-5).

## II. LEGAL STANDARD

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Westfield is a corporation formed under the laws of Ohio and is licensed to conduct business in North Carolina while Cipriano is a resident of Mecklenburg County, North Carolina. (Doc. No. 1 at ¶¶ 2-3). The Court also has jurisdiction pursuant to 28 U.S.C. § 2201(a). The Federal Declaratory Judgment Act gives the Court the authority to dismiss a federal declaratory action in favor of a pending state court action. 28 U.S.C. § 2201(a) ("Any court of the United States, upon filing of an appropriate pleadings, *may* declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added).

A court's decision to stay a federal declaratory judgment action is discretionary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) ("District courts possess discretion in

determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). Generally, the question for a district court presented with an issue under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in state court." *Id.* at 282 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Federal courts should consider both practicality and wise judicial administration in granting or denying declaratory judgments. *Id.* at 288. A federal court should entertain a declaratory judgment action when the declaratory relief, if granted, "will serve a useful purpose in clarifying and settling the legal relations in issue," and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).

In *Nautilus Ins. Co. v. Winchester Homes, Inc.*, the Fourth Circuit provided a four-factor test to be used alongside considerations of federalism and efficiency to "inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." 15 F.3d 371, 376 (4th Cir. 1994). The *Nautilus* Factors are:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law" [and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing" – that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Id.* at 376-77 (citing *Mitcheson v. Harris*, 955 F.2d 235, 238-39 (4th Cir. 1992); 6A JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE ¶ 57.08[5]).

3

## III. DISCUSSION

### 1. North Carolina Has an Interest in the Issues

The first *Nautilus* factor that the Court must consider is the state's interest in having North Carolina courts determine the issues raised in the federal declaratory action. *See Nautilus*, 15 F.3d at 377. Here, the dispute involves the proper construction and interpretation of an insurance policy governed by state law. The Fourth Circuit has held that the state court exercising jurisdiction over the underlying proceedings is well-positioned to resolve questions of state law regarding the construction of an uninsured motorist policy that is central to the allocation of liability. *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 966-67 (4th Cir. 1994).

Further, this Court's precedent holds that North Carolina has a significant interest in resolving insurance contract disputes in state court. *See Republic-Franklin Ins. Co. v. Pasour*, No. 3:11-cv-181, 2011 WL 5169426, at *6 (W.D.N.C. Oct. 31, 2011); *Penn. Nat. Mut. Cas. Ins. Co. v. Jones, LLC*, 2012 WL 4364326, at *4 (W.D.N.C. Aug. 27, 2012). However, the fact that issues in the declaratory judgment are governed by state law is not solely determinative. *See Nautilus*, 15 F.3d at 378.

The *Nautilus* court noted that the court's discretion in abstaining from deciding questions of state law should be exercised when such questions are "difficult," "problematic," or "unsettled." *Id.* Notably, it appears that the Fourth Circuit has moved away from this requirement, beginning with *Continental* where the court found that although the issue of state law was not close, problematic, or difficult, the first *Nautilus* factor still weighed in favor of granting the motion to dismiss when considered in conjunction with other factors. *Continental*, 35 F.3d at 967. *See also Jones*, 2012 WL 4364326, at *4; *Pasour*, 2011 WL 5169426, at *7.

Thus, the first *Nautilus* factor appears to weigh in favor of granting Cipriano's Motion to Dismiss. However, this factor alone is not sufficient to decline to exercise jurisdiction. *Jones*, 20120 WL 4364326, at *4.

**2. Federal Court is the Most Efficient Forum to Resolve the Issue**

The second *Nautilus* factor focuses on "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceedings that are already pending in state courts." *Nautilus*, 15 F.3d at 378 (citing *Brillhart*, 316 U.S. at 495). The *Nautilus* court noted that this factor requires inquiry into the scope of the proceedings pending in state court. *Id.*

The *Nautilus* court found that the issues raised in the federal declaratory action could not be resolved more efficiently in the state courts. *Id.* The court took issue with the fact that none of the insurance companies whose policies were involved in the dispute were formally a party to the pending state actions. *Id.* Further, the court noted that the basic issue in the federal action – whether the insurers were obligated to defend and cover the insured – was not directly raised in the state actions, which involved the seperate question of the insured's liability to the state court plaintiff. *Id.* at 379.

The *Nautilus* facts are similar to the instant action, although it must be noted that the *Nautilus* motion to dismiss was made less than a week away from trial on the issues, and in the instant case there has been no discovery towards the declaratory action. In this case, Westfield was not a named party in the state suit. (Doc. No. 6-1). Perhaps more importantly, Cipriano argued that the coverage issue presented in the federal declaratory action was not properly before the state court in her brief in opposition to summary judgment. (Doc. No. 7-1 at 7). Specifically, Cipriano wrote:

> [Cipriano] respectfully believes that the Court cannot grant this motion, because there is no coverage issue before the Court. None of the pleadings raise a claim

> for the Court to determine the existence or lack of insurance coverage. [Westfield] has tried to transform a tort case into an insurance coverage dispute without following any of the proper procedure for bringing those issues before the Court.

(*Id.*). Cipriano is now essentially making the opposite argument before this Court. In her brief, Cipriano writes that "[t]he outstanding issues to be determined in the State Suit are whether [Cipriano] is entitled to UIM coverage through [Westfield] and the amount of damages." (Doc. No. 6 at 8).

Cipriano notes that the state court, in its order denying summary judgment, provides no insight into *why* the judge denied the motion. Regardless, Cipriano appears to be arguing to this Court the exact opposite position that she asserted in her brief in opposition to Westfield's Motion for Summary Judgment in the state suit. The fact that Cipriano has made two conflicting arguments in two different forums does not weigh in favor of the state court as the most efficient forum.

Further, although he did not elaborate on his reasoning, the state court judge ordered the suit stayed pending resolution of the federal suit. This appears to acknowledge that the state and federal actions contain different issues because if the coverage issues were close to being resolved in the state court, the judge likely would not have stayed the state action.

Finally, Cipriano filed a Motion to Stay and Demand for Arbitration in the state suit asking the court to stay on the issue of damages, which the state judge granted in part and denied in part. (Doc. No. 6-5). If coverage exists, Cipriano has indicated she will seek arbitration according to the terms of the policy. Therefore the state court may not need to be involved at all as if this Court finds coverage, the issue will proceed to arbitration and if this Court does not find

coverage, the issue will be concluded. Thus, it appears this factor weighs in favor of denying the motion.

### 3. No Federalism Concerns or Danger of Entanglement

The third *Nautilus* factor examines whether "many of the issues of law and fact sought to be adjudicated in the federal declaratory action are already being litigated by the same parties in the related state court actions" and whether there is "significant overlap in the issues of fact" to be resolved by each suit. *Nautilus*, 15 F.3d at 379-80. Westfield notes that the named defendants in the state court action have settled their claims with Cipriano. (Doc. No. 7 at 12; Doc. No. 7-2 at 5). Further, Cipriano has already taken steps to have the question of the amount of damages decided in arbitration if coverage exists. Thus, it appears that rather than becoming entangled in the state court case, this Court would be handling the declaratory judgment action as a separate matter.

Conversely, Cipriano argues that the state and federal suits are in fact entangled by comparing the instant case to *Pennsylvania National Mut. Cas. Ins. v. Jones*. 2012 WL 4364326, at *5. In *Jones*, the court found the motion for declaratory judgment should be dismissed under both a lack of diversity jurisdiction and the *Nautilus* factors. *Id.* Regarding the third *Nautilus* factor, the court noted that the defendant had provided the plaintiff insurer with notice of the suit and that the plaintiff insurer had a right to participate in the suit. *Id.* Similarly, Cipriano served Westfield with a copy of the state suit, and Westfield appeared and participated in the state proceedings. Thus, Cipriano argues that by failing to dismiss Westfield's claim, the Court would be resolving an issue that is already being litigated in state court.

However, the *Jones* court found that in order to resolve the declaratory judgment dispute, the court needed to determine the factual question of who owned the vehicle involved in the

accident, which would also be decided in the state court action. *Jones*, 2012 WL 4364326, at *5. In fact, the court stated "[u]nlike the situation where an insurance company seeks a declaratory judgment defining its duty to defendant [sic] an insured in a related proceeding, this cases [sic] involves the potential overlap of factual issues and/or the undue entanglement of legal issues." *Id.* Thus, because there do not appear to be any overlapping factual issues between the state and federal suit in the instant case, *Jones* is not applicable and the entanglement factor weighs against granting the Motion to Dismiss or Stay.

### 4. No Procedural Fencing

Finally, the fourth *Nautilus* factor requires the court to examine whether a federal declaratory action is being used "merely as a device for procedural fencing." *Nautilus*, 15 F.3d at 380. This factor attempts to prevent "rac[ing] to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Id.*

Cipriano points to the timing of Westfield's Complaint, as the state suit was filed in April 2015 while Westfield did not file the instant action until February 2016. Additionally, Westfield filed this action weeks after having its motion for summary judgment denied in the state suit.

Westfield does not dispute that it filed the instant action as a direct result of losing its motion for summary judgment in state court. Rather, Westfield asserts that it brought the declaratory judgment action because when the state court denied the motion for summary judgment, allegedly on the grounds that the issue of coverage was not before the court, Westfield then instituted the proper procedure for a judicial determination of the claim. Cipriano argues that the state court determined that a jury should decide the coverage issue, but the order denying summary judgment does not explain the reason for the denial or indicate questions of fact. It appears that rather than engaging in procedural posturing, Westfield filed this declaratory

8

judgment action soon after losing on its motion for summary judgment in order to properly obtain judicial resolution of the claim.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Katherine M. Cipriano's Motion to Dismiss Action, or in the Alternative, Motion to Stay Action Until Resolution of Pending State Court Proceedings (Doc. No. 5) is hereby **DENIED**.

Signed: September 16, 2016

Graham C. Mullen
United States District Judge

---

[1] Plaintiff also notes the *Colorado River* Doctrine and the *Rooker-Feldman* Doctrine as two other tests to determine whether the declaratory judgment action should be heard by this Court, although neither test is applicable to the instant case. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976); *Dist. of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).